IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SAM METHVIN, JACK METHVIN, AND CHARLES CAGLE, A/K/A MCM GROUP, AN UNINCORPORATED ASSOCIATION, DEUTSCHE INTERNATIONAL, 1, LLC, and C. DeLYNN HEAPS,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>FMR, LLC,<br><br>　　　　Defendant. | §§§§§§§§§§§§§§§ | Civil Action No. 2:11-CV-00034-J |

**BRIEF IN SUPPORT OF DEFENDANT FMR, L.L.C.'S
EMERGENCY MOTION FOR PROTECTIVE ORDER FROM PLAINTIFFS'
NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

Pursuant to Federal Rule of Civil Procedure 26(c), Defendant FMR, LLC ("Defendant" or "Fidelity") files this Brief in Support of its Emergency Motion For Protective Order From Plaintiffs' Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6), served June 14, 2011, and in support thereof, would respectfully show the Court as follows:

**I. BACKGROUND**

On May 26, 2011, Defendant filed a Motion to Stay Discovery ("Motion to Stay") (Dkt # 20, 20-1) given Defendant's Motion to Dismiss Plaintiffs' Amended Complaint ("Motion to Dismiss") (Dkt # 22, 22-1) filed with the court the next day, May 27. While Defendant's arguments are set forth more fully therein, in short, it is reasonable to stay discovery in this particular case given the unique and implausible claims asserted by Plaintiffs and the strength of Defendant's Motion to Dismiss.

Independent of the arguments set forth in the Motion to Stay, Defendant is entitled to a protective order from Plaintiffs' June 14, 2011 Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) ("Notice"),[1] even if this Court ultimately determines that a stay of discovery is unwarranted. Plaintiffs unilaterally served Defendant with the Notice, which seeks to depose one or more corporate representatives for Fidelity on forty-two (42) separate, overly broad topics ("Topics"), most of which have nothing to do with the instant litigation. Plaintiffs never consulted or conferred with Defendant prior to serving the Notice regarding possible deposition dates or requested Topics of examination. Despite the burdensome breadth and scope of the discovery sought, the Notice sets the deposition for June 24, 2011 in Boston, Massachusetts, only ten (10) days after service of the Notice.

The letter serving the Notice states that Plaintiffs are willing to conduct the deposition before, but not after, that date.[2] As reflected by the letter, Plaintiffs' proffered reason for conducting the deposition on such short notice appears to be this Court's current July 5, 2011 deadline to join additional parties. *See* Original Rule 16 Scheduling Order ("Scheduling Order") (Dkt # 16). Defendant is willing to agree to an extension of the July 5, 2011 deadline to join additional parties, but based upon multiple conversations with Plaintiffs' counsel (including the parties' Rule 26(f) scheduling conference), Plaintiffs are unwilling to jointly request the Court to extend any of the initial discovery deadlines – including the joinder deadline –in the Scheduling Order, which Plaintiffs state are driving their immediate need for such burdensome discovery.

In sum, Plaintiffs' Notice is premature, overly broad, unduly burdensome, harassing, seeks testimony that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and does not give Defendant adequate time to designate and prepare its

---

[1] A copy of the Notice and cover letter enclosing same is attached hereto as Exhibit "A."
[2] *See* Exhibit A.

corporate representative(s).³ Accordingly, Fidelity seeks a protective order halting the deposition from proceeding as noticed, or in the alternative, extending the time for compliance with the Notice and limiting the scope of the Notice.

Further, Plaintiffs will not be prejudiced by either a full stay of discovery or a protective order from the Notice because Defendant is willing to extend the joinder deadline. Conversely, Fidelity will suffer extreme prejudice and incur significant cost regardless of the Court's ruling on the Motion to Stay or the Motion to Dismiss due to the severe burden the Notice places on Fidelity. If this Court ultimately grants the Motion to Stay and/or the Motion to Dismiss, compliance with Plaintiffs' Notice will not only be costly and burdensome, it will serve no purpose at all.

## II. ARGUMENTS AND AUTHORITIES

### A. The Timing of Plaintiffs' Unilateral Notice of a 30(b)(6) Deposition Within 10 Days is Designed to Harass and Impose Undue Burden on Defendant.

This Court has authority to "issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense," and in so doing may forbid discovery sought from that party. Fed. R. Civ. P. 26(c). Plaintiffs' Notice is not merely harassing and unduly burdensome, but compliance with its terms is impossible. Without conferring with Defendant about dates or topics, Plaintiffs unilaterally noticed Defendant's Rule 30(b)(6) representatives for deposition within ten (10) days on forty-two (42) separate Topics.⁴ Even if each of Plaintiffs' requested Topics were somehow relevant to their claims – and they are clearly

---

³ A copy of Defendant's Objections and Responses to Plaintiffs' Notice is attached as Exhibit "B."

⁴ Plaintiffs' Notice is also premature and unduly burdensome for procedural reasons. If this Court is unable to rule upon this Motion for Protective Order prior to the imminent date of the noticed deposition, Plaintiffs cannot use the deposition testimony obtained in any court proceeding, including a hearing or trial, because Fidelity (1) did not have fourteen (14) days notice of the deposition and (2) Fidelity promptly moved for a protective order. *See* Fed. R. Civ. P. 32(a)(5). Thus, if Plaintiffs insist on proceeding with the deposition, it will be of no value and will presumably have to be re-taken at some point in the future.

not – Fidelity would have to locate and prepare several different witnesses in order to speak on behalf of the entire corporation on the multitude of extremely broad Topics. Quite simply, it is impossible for Fidelity to comply with both the burdensome terms of the Notice and the requirements imposed by Rule 30(b)(6) in such short order. That Plaintiffs failed to give the professional courtesy of consulting or notifying Fidelity of their intent to take this expansive Rule 30(b)(6) deposition(s) on such short notice smacks of gamesmanship and an ulterior motive to harass Defendant into exerting unnecessary time and expense. On that basis alone, Fidelity is entitled to a protective order barring the deposition from proceeding as noticed.

### B. The Scope of Plaintiffs' Notice is Overly Broad, Harassing and Unduly Burdensome.

Fidelity is also entitled to a protective order preventing the deposition from proceeding as noticed due to the extremely broad and harassing nature of the Notice and its Topics. In addition to the lack of notice and sheer number of Topics, most of the Topics themselves are unrelated to the single allegation lodged against Fidelity in this case – that it falsely represented ownership of Plaintiffs' Judgments as assets of certain funds – and are written with such breadth that they serve no purpose beyond harassing Defendant and forcing it to spend untold time and expense attempting to comply with Plaintiffs' discovery requests.[5]

For example, Plaintiffs seek to depose a representative regarding:

- "the identity of the people who serve in Fidelity's legal department;"
- "the identity of the people who serve in Fidelity's compliance department;" and
- "the identity of the people who issue letters of authorization."[6]

---

[5] *See generally* Exhibit B.

[6] Exhibit B (Objections to Topics 7, 10, 11).

Plaintiffs also seek to depose representative(s) regarding the identity and duties of many other undefined employees of Fidelity, including:

- "individuals who comprise the corporate governance of Fidelity;"
- "Trustees of the Fidelity Funds at issue;" and
- "each member of the Brokerage Committee."[7]

Discovery regarding the entire personnel of various major departments at a company as large as Fidelity is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. In preparation for these Topics, Fidelity would have to sift through massive amounts of confidential personnel files, unlimited by time period, for current and former employees without any possible connection to Plaintiffs' claims for relief. Even the requests directed to the Funds at issue are overbroad and unduly burdensome, as Plaintiffs seek the "identity of all individuals who provide *any* service to the Fidelity Funds at issue."[8] This Topic, which likewise contains no prescribed time period, would encompass employees ranging from interns, mail room staff and secretaries on up to the Board of Directors of the entire company during each respective Fund's entire existence. The information sought has no plausible bearing on whether Fidelity held or represented that it held Plaintiffs' Judgments as assets of certain funds.

      The breadth of the Topics serves no purpose other than to force Fidelity to exert unnecessary time and expense, futilely attempting to comply with the Notice. Regardless of the timeframe for discovery and the Court's ultimate ruling on the Motion to Dismiss, Defendant

---

[7] Exhibit B (Objections to Topics 1-6).

[8] Exhibit B (Objection to Topic 14) (emphasis added).

objects vigorously to the requested Topics of examination in Plaintiffs' Notice, and Defendant intends to stand on these objections.[9]

Lastly, for the reasons stated at length in Defendant's Motion to Stay Discovery, it is judicially economical to wait until after the Court rules upon Defendant's Motion to Dismiss before proffering any such Rule 30(b)(6) witness due to the possibility that the Motion to Dismiss will be granted in full or ruled upon in a manner such that the scope of discovery in this case – including the funds and judgments ultimately at issue – will be necessarily limited.

### C. Plaintiffs Unreasonably Refuse to Jointly Request Extensions to Discovery Deadlines, yet They Cite the Current Deadlines as the Unavoidable Reasons for Why They Must Conduct the Deposition Upon Such Short Notice.

Finally, Plaintiffs' stated exigency for the short Notice – the current July 5, 2011 deadline to join parties – is of their own creation.[10] As this Court is aware, Fidelity filed an opposed Motion to Stay Discovery until after the Court rules upon its Motion to Dismiss, and Fidelity seeks to have a new scheduling order entered at that time, should the Motion to Dismiss be denied. Plaintiffs, however, proceeded to propound voluminous discovery upon Defendant before the parties have even submitted their Joint Rule 26(f) report to the Court, which is intended in part to address the discovery timeline set forth in the Scheduling Order.

To relieve Plaintiffs of this self-created exigency and ease both parties' burdens of conducting costly discovery during the pendency of the Motion to Dismiss, Defendant suggested on multiple occasions to Plaintiffs that the parties jointly move this Court to extend the deadline to join addition parties. Despite Defendant's offer that would alleviate Plaintiffs' concern, Plaintiffs – for no good reason – continued to oppose the Motion to Stay, this Motion, or any

---

[9] *See* Exhibit B.

[10] Plaintiffs have yet to explain why they must in such short order examine many Topics (regarding, for example, Fidelity's document preservation process) that cannot conceivably be aimed at discovering evidence related to Plaintiffs' joinder of additional parties.

joint request that the Court stay discovery and/or reset new discovery deadlines upon its ruling on the Motion to Dismiss.

Based on the foregoing, Fidelity will suffer extreme prejudice and incur significant cost if this Motion is denied, whereas Plaintiffs will incur no prejudice if this Motion is granted.

### III.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Court grant its Motion for Protective Order and enter an Order halting the deposition as noticed in Plaintiffs' Notice of Deposition, or in the alternative, extend the time for compliance with the Notice.

Dated:  June 17, 2011

Respectfully submitted,

By: ___/s/  *Rodney Acker*___
    Rodney Acker
    Texas Bar No. 00830700
    racker@fulbright.com (email)
    Ellen Sessions
    Texas Bar No. 00796282
    esessions@fulbright.com (email)
    Kyle M. Schindler
    Texas Bar No. 24066033
    kschindler@fulbright.com (email)

FULBRIGHT & JAWORSKI L.L.P.
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200

ATTORNEYS FOR DEFENDANT FMR, L.L.C.

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 15, 2011, Rodney Acker and I conferred with counsel for Plaintiffs, Fernando Bustos and Zane Vaughn, and they informed us that they oppose this motion.

/s/ *Kyle M. Schindler*
Kyle M. Schindler

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2011, I electronically filed the foregoing Brief in Support of Defendant FMR, L.L.C.'s Emergency Motion for Protective Order using the ECF System for the Northern District of Texas which will send notification of such filing to all registered participants.

/s/ *Kyle M. Schindler*
Kyle M. Schindler

Fernando M. Bustos
Texas Bar No. 24001819
fbustos@bustoslawfirm.com
Zane J. Vaughn
Texas Bar No. 24042087
zvaughn@bustoslawfirm.com
Aaron M. Pier
Texas Bar No. 24041694
apier@bustoslawfirm.com
Dustin S. Slade
Texas Bar No. 24073714
dslade@bustoslawfirm.com
LAW OFFICES OF FERNANDO BUSTOS, P.C.
1001 Main Street, Suite 501
Lubbock, Texas 79401
Telephone: (806) 780-3976
Facsimile: (806) 780-3800

Counsel for Plaintiff